**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CHRIS VAN HOLLEN, | ) |
| Plaintiff, | ) |
| v. | ) Civ. No. 1:11-cv-00766 (ABJ) |
| FEDERAL ELECTION COMMISSION, | ) |
| Defendant. | ) ANSWER |

**DEFENDANT FEDERAL ELECTION COMMISSION'S ANSWER**

Defendant Federal Election Commission ("FEC" or "Commission") submits this answer to the Complaint of plaintiff Chris Van Hollen. Any allegation not specifically responded to below is DENIED.

1. ADMIT the first sentence of this paragraph. DENY the remainder of the paragraph.

2. This paragraph contains plaintiff's characterizations of 2 U.S.C. § 434(f)(2), which speaks for itself.

3. This paragraph contains plaintiff's characterizations of 2 U.S.C. § 434(f)(2) and 11 C.F.R. § 104.20(c)(9), which speak for themselves, but the Commission DENIES that 11 C.F.R. § 104.20(c)(9) is "not authorized by law."

4. This paragraph contains plaintiff's characterizations of 2 U.S.C. § 434(f)(2) and 11 C.F.R. § 104.20(c)(9), which speak for themselves, but the Commission DENIES that it

lacked statutory authority to promulgate the regulation and that 11 C.F.R. § 104.20(c)(9) is contrary to law.

    5.    DENY the first and third sentences of this paragraph. The second sentence of this paragraph contains legal conclusions, to which no response is required.

    6.    DENY the first sentence of this paragraph. DENY that the Commission has promulgated "faulty regulations." ADMIT that some filings to the FEC by non-profit corporations that spent money on electioneering communications during the 2010 election campaign cycle did not disclose the names of those whose funds were used to finance the communications. DENY that these filings were, simply as a result of not including the names of all donors, "contrary to the statute and the intent of Congress." The Commission notes that 2 U.S.C. § 434(f)(2) does not require the disclosure of information about all sources of funding for electioneering communications, but only about "contributors who contributed an aggregate amount of $1,000 or more" during the reporting period. The Commission is without knowledge or information sufficient to admit or deny the remaining factual allegations in the third sentence of this paragraph.

    7.    ADMIT.

    8.    ADMIT.

    9.    ADMIT the first two sentences in this paragraph. The Commission is without knowledge or information sufficient to admit or deny whether Van Hollen is planning to run for re-election in 2012.

    10.    ADMIT that Van Hollen is an elected Member of Congress, that he is a member of one or more political party entities, and that his campaign committee has been the recipient of campaign contributions. The Commission is without knowledge or information sufficient to

admit or deny the remaining factual allegations in the first sentence of this paragraph. DENY the second sentence of this paragraph.

    11.    ADMIT that if Van Hollen is a future candidate for federal office, the Federal Election Campaign Act, 2 U.S.C. §§ 431-57 ("FECA"), and the Bipartisan Campaign Reform Act of 2002, Pub. L. No. 107-155 ("BCRA"), will apply to him and his campaign opponents. The Commission is without knowledge or information sufficient to admit or deny whether Van Hollen or his campaign opponents will be "regulated" by 2 U.S.C. § 434(f). DENY the second sentence of this paragraph. The Commission is without knowledge or information sufficient to admit or deny the third sentence of this paragraph. The last sentence of this paragraph contains a conclusion of law to which no response is required.

    12.    ADMIT.

    13.    ADMIT that FECA became law in 1972 and that the statute has been subsequently amended several times.

    14.    ADMIT.

    15.    This paragraph contains plaintiff's characterizations of BCRA, which speaks for itself.

    16.    This paragraph contains plaintiff's characterizations of BCRA, which speaks for itself.

    17.    This paragraph contains conclusion of law and plaintiff's characterizations of judicial decisions, to which no response is necessary.

    18.    This paragraph contains plaintiff's characterizations of a judicial decision, to which no response is necessary.

19. This paragraph contains plaintiff's characterizations of a judicial decision and an FEC Notice of Proposed Rulemaking, to which no response is required.

20. ADMIT the first sentence of this paragraph. The remainder of this paragraph contains plaintiff's characterizations of a Commission regulation, to which no response is required.

21. This paragraph contains plaintiff's characterizations of an FEC Explanation and Justification, to which no response is required.

22. This paragraph contains legal conclusions and plaintiff's characterizations of an FEC Explanation and Justification, to which no response is required.

23. This paragraph contains legal conclusions and plaintiff's characterizations of an FEC Explanation and Justification, to which no response is required.

24. DENY.

25. DENY the first sentence of this paragraph. The second sentence of this paragraph contains plaintiff's characterizations of an FEC Explanation and Justification, to which no response is required. The Commission is without knowledge or information sufficient to admit or deny the factual allegations in the third sentence of this paragraph.

26. DENY the first sentence of this paragraph. The second sentence of this paragraph contains legal conclusions and plaintiff's characterizations of 2 U.S.C. § 434(f)(2), to which no response is required.

27. DENY that the regulation is "irrational." The remainder of the paragraph contains legal conclusions to which no response is required.

28. DENY that the regulation is "unnecessary and irrational as applied to not-for-profit corporations." ADMIT that non-profit corporations account for a significant portion of

those making "electioneering communications."  The Commission is without knowledge or information sufficient to admit or deny whether it is appropriate to presume that non-profit corporations only make electioneering communications that are consistent with their mission.  DENY that it is "irrational" for the Commission to be concerned that donors to non-profit corporations might "not necessarily support the corporation's electioneering communications."

    29.    DENY.

    30.    ADMIT that filings with the FEC by persons making electioneering communications disclosed the sources of less than 10% of the $79.9 million in electioneering communications made in 2010, that the ten persons spending the most on electioneering communications during that period disclosed the sources of approximately 5% of the funds used for their electioneering communications, and that only three of those ten persons disclosed the sources of at least some of the funds they spent on electioneering communications.

    31.    ADMIT that filings with the FEC from many non-profits making electioneering communications in 2010 include limited disclosure of the source of funding for those electioneering communications.  ADMIT that the corporations listed in the second sentence of this paragraph reported making electioneering communications in the amounts listed and that they did not disclose information as to those whose funds financed those communications.  ADMIT that 15 additional corporations did not disclose the sources of the funds they used to make electioneering communications during the 2010 election cycle.  The Commission notes that 2 U.S.C. § 434(f)(2) does not require the disclosure of information about all sources of funding for electioneering communications, but only "contributors who contributed an aggregate amount of $1,000 or more" during the reporting period.

32. ADMIT that the U.S. Chamber of Commerse reported spending more than any other person on electioneering communications in 2010 and that the cited article reports that the U.S. Chamber of Commerce intends to continue not to disclose the identity of its donors.

33. DENY.

34. DENY.

35. DENY.

36. This paragraph is a description of plaintiff's request for relief, to which no response is required.

### REQUESTED RELIEF

No response is required, but the relief requested by plaintiff should be denied.

Respectfully submitted,

Phillip Christopher Hughey
Acting General Counsel

David Kolker (D.C. Bar No. 394558)
Associate General Counsel

Harry Summers
Assistant General Counsel

Holly J. Baker
Attorney

/s/ Seth Nesin
Seth Nesin
Attorney

COUNSEL FOR DEFENDANT
FEDERAL ELECTION COMMISSION
999 E Street, NW
Washington, DC  20463
Telephone:  (202) 694-1650
Fax:  (202) 219-0260

June 21, 2011