UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| CHRIS VAN HOLLEN, | ) | |
| | ) | Civil Action No. 1:11-cv-00766 (ABJ) |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | RESPONSE |
| FEDERAL ELECTION COMMISSION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT FEDERAL ELECTION COMMISSION'S RESPONSE
TO THE MOTIONS TO INTERVENE
OF HISPANIC LEADERSHIP FUND AND CENTER FOR INDIVIDUAL FREEDOM**

Defendant Federal Election Commission ("FEC" or "Commission") takes no position on the pending motions for intervention filed by the Hispanic Leadership Fund ("HLF") and the Center for Individual Freedom ("CFIF").

However, the intervenors raise one legal issue that requires clarification. HLF suggests that without intervention its interests would not be adequately represented because, if the Court were to hold the challenged regulation unlawful and remand it to the Commission, the agency may choose not to appeal the ruling. (*See* Mem. of Law in Supp. of HLF's Mot. To Intervene at 8 (Docket No. 14-1) ("In recent campaign finance decisions, the FEC has been unable to generate the four affirmative votes required to appeal.")). CFIF also states, in its section on alleged "inadequacy of representation," that the Commission has in the past decided not to appeal adverse court rulings. (*See* Mot. to Intervene of CFIF at 9 n.10 (Docket No. 15) ("the commissioners have deadlocked along party lines over whether to appeal adverse rulings.")) We would note that a remand to the Commission in this case would not be appealable *by the proposed intervenors* because it would not constitute a "final decision" within the meaning of 28

1

U.S.C. § 1291.  *See Occidental Petroleum Corp. v. SEC,* 873 F.2d 325, 331-32 (D.C. Cir. 1989) ("a private party may not, in most cases, immediately appeal a district court order remanding a case for further agency proceedings, [although] the agency may do so."); *Smoke v. Norton*, 252 F.3d 468, 471-73 (D.C. Cir. 2001) (Henderson, J. concurring) ("a district court order remanding a case to an agency for significant further proceedings is not final … unless the remand to the agency is for solely ministerial action.") (citations and quotation marks omitted); *Alsea Valley Alliance v. Dep't of Comm.,* 358 F.3d 1181 (9th Cir. 2004) (citing Judge Henderson's concurrence in *Smoke* in holding that intervenors had no right to appeal the remand of an agency regulation); *Isaak Walton League of Am., Inc. v. Kimbell*, 558 F.3d 751, 762-63 (8th Cir. 2009) (holding that intervenors had no right to appeal order remanding to agency).  Because only the Commission would have the right to appeal a remand order, the Court should not consider any purported interest of the proposed intervenors to pursue an appeal in its evaluation of the pending motions.

  Should the Court grant any motion to intervene, the Commission requests that it not be required to file joint briefs or to divide oral argument time.  Rather, the Commission requests that it be permitted to file separate briefs with the generally applicable page limitations, and that, if there is oral argument, the Commission be allotted argument time equal to the time allotted to the plaintiff.  The Commission also requests that the briefing schedule agreed to by the plaintiff and the Commission (Docket No. 9) and approved by the Court (Minute Order of May 18, 2011) not be altered due to the addition of any new parties.

        Respectfully submitted,

        Phillip Christopher Hughey
        Acting General Counsel

        David Kolker (D.C. Bar No. 394558)
        Associate General Counsel

        Harry J. Summers
        Assistant General Counsel

        Holly J. Baker
        Attorney

        <u>/s/ Seth Nesin</u>
        Seth Nesin
        Attorney

        COUNSEL FOR DEFENDANT
        FEDERAL ELECTION COMMISSION
        999 E Street, NW
        Washington, DC 20463
        Telephone:  (202) 694-1650
        Fax:  (202) 219-0260

June 30, 2011