# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CHRIS VAN HOLLEN, | ) | |
| | ) | Civ. No. 1:11-cv-00766 (ABJ) |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | REPLY |
| FEDERAL ELECTION COMMISSION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT FEDERAL ELECTION COMMISSION'S REPLY TO THE MOTIONS OF HISPANIC LEADERSHIP FUND AND CENTER FOR INDIVIDUAL FREEDOM

Pursuant to the Court's Minute Order of August 1, 2011, the Federal Election Commission ("FEC" or "Commission") files this reply to the motion to dismiss filed by the intervenor-defendant Hispanic Leadership Fund ("HLF") and the motion for summary judgment filed by the intervenor-defendant Center for Individual Freedom ("CFIF"), as well as the opposition to those motions filed by plaintiff Chris Van Hollen. The Commission agrees with CFIF and HLF that 11 C.F.R. § 104.20(c)(9) is lawful, for the reasons the Commission has explained in its prior briefs. The Commission files this reply, however, to address several points raised by the intervenors and by Van Hollen's response.

The FEC's regulation is a reasonable interpretation of the Bipartisan Campaign Reform Act of 2002, Pub. L. No. 107-155, 116 Stat. 81 (2002) ("BCRA"), but it is not *required* by either the Constitution or BCRA. Although, quite appropriately, the Commission considered the possible burdens on speech during its rulemaking, it had considerable discretion to adopt a variety of interpretations in the face of an ambiguous statute. In addition, contrary to CFIF's

arguments, if the Court were to rule against the Commission, neither a stay nor vacatur would be an appropriate remedy. The Commission's motion for summary judgment should be granted.

## I.   THE INTERPRETATION OF BCRA IN 11 C.F.R. § 104.20(c)(9) IS REASONABLE BUT NOT CONSTITUTIONALLY REQUIRED

Both HLF and CFIF erroneously argue that the Commission had to promulgate 11 C.F.R. § 104.20(c)(9) in order to satisfy the Constitution. (*See* Defendant Center for Individual Freedom's Opposition to Plaintiff Van Hollen's Motion for Summary Judgment and CFIF's Cross-Motion for Summary Judgment (Docket No. 33) ("CFIF Br.") at 13-19; Memorandum in Support of Motion to Dismiss and in Support of Cross Motion for Summary Judgment and in Opposition to Plaintiff's Motion for Summary Judgment (Docket No. 31) ("HLF Br.") at 11-13.) Van Hollen counters that this argument is foreclosed because the Commission did not rely upon constitutional considerations in promulgating the regulation. (*See* Reply to Intervenors' Opposition to Plaintiff's Motion for Summary Judgment (Docket No. 38) ("Pl's Reply") at 7-9). Neither argument is correct.

As the Commission has explained, the agency proposed two basic alternatives in the Notice of Proposed Rulemaking it issued following the decision in *FEC v. Wisconsin Right to Life, Inc.*, 551 U.S. 449 (2007) ("*WRTL*"), which eventually led to the promulgation of 11 C.F.R. § 104.20(c)(9). (*See* Defendant Federal Election Commission's Memorandum of Points and Authorities in Support of Its Motion for Summary Judgment and in Opposition to Plaintiff's Motion for Summary Judgment (Docket No. 24) ("FEC Br.") at 7-13.) Alternative 1 would have required donors to corporations and labor organizations making electioneering communications to be disclosed in the same manner as donors to other entities making those communications. Alternative 2 would have entirely exempted *WRTL*-permitted ads from the definition of

electioneering communication in 11 C.F.R. § 100.29 and would thus have eliminated both the disclosure requirements and financing restrictions for those ads.  *See* Final Rule and Explanation and Justification on Electioneering Communications, 11 C.F.R. Part 104, 114, 72 Fed. Reg. 72,899, 72,900 (Dec. 26, 2007); Administrative Record Tab 54.  Some rulemaking commenters argued that the only constitutional interpretation would be the one in Alternative 2, which would have "allow[ed] all ECs that qualify for the *WRTL II* exemption to be run without any disclaimers or reporting," but the Commission explicitly rejected that view.  72 Fed. Reg. 72,901.  Thus, although the Commission may not have explicitly cited the Constitution as plaintiff would have preferred (Pl's Reply at 7-8), the FEC obviously and properly took constitutional concerns into account in evaluating the potential burdens on speech and association.  (*See* FEC Br. at 12 (summarizing Commission's concern about the "'significant burden of disclosing the identities of vast numbers'" of donors).)

On the other hand, HLF and CFIF incorrectly argue that 11 C.F.R. § 104.20(c)(9) was the *only* possible manner that the regulation could have been drafted consistent with the Constitution.  When the Commission chose a middle ground between the two proposed rulemaking alternatives, however, its own reasoning suggested neither that its choice was constitutionally compelled nor that either of the rejected alternatives would have been unconstitutional.  72 Fed. Reg. 72,910-11.  Of course, the Supreme Court has made clear that the disclosure requirements regarding electioneering communications are constitutional, both facially and as applied to corporations.  *See Citizens United v. FEC*, 588 U.S. __, 130 S. Ct. 876, 914-16 (2010); *McConnell v. FEC*, 540 U.S. 93, 197 (2003).  And nothing in these decisions suggests that any particular interpretation of the contributor disclosure requirements is

constitutionally required as applied to corporations and unions.  The Commission was not required to promulgate 11 C.F.R. § 104.20(c)(9) in its exact form to satisfy the Constitution.

## II.  BCRA DOES NOT UNAMBIGUOUSLY REQUIRE THE INTERPRETATION IN 11 C.F.R. § 104.20(c)(9)

CFIF also argues that BCRA requires the interpretation in 11 C.F.R. § 104.20(c)(9), asserting that "the statute unambiguously validates the regulation at [*Chevron*] Step One."  CFIF Br. at 7.  CFIF is wrong.  As the Commission has explained, Congress failed to speak directly to the issue in this case, both because corporations and labor organizations were prohibited from making electioneering communications at the time BCRA was passed, and due to the ambiguity in the most relevant statutory language at 2 U.S.C. § 434(f)(2).  (*See* FEC Br. at 18-28; Defendant Federal Election Commission's Reply in Support of its Motion for Summary Judgment (Docket No. 40) ("FEC Reply") at 6-10.)

Because Congress's intent was not "unambiguously expressed," and the statute has a "gap left, implicitly or explicitly, by Congress," the Commission had the authority to promulgate any regulation that was reasonable.  *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843-44 (1984) (citation omitted).  Thus, the Commission had, and continues to have, wide discretion to adopt a variety of regulatory approaches to ensure electioneering communication disclosure by corporations and unions, as long as it interprets the statute reasonably.[1]

Here, for example, the Commission did not reject the alternatives proposed in the NPRM on the ground that they would conflict with the statute.  *See* 72 Fed. Reg. 72,910-11.  Indeed,

---

[1]  The Commission could decide in the future to modify the regulation due to changed circumstances, and it is free do so as long as it provides a reasoned analysis.  *See Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 57 (1983).

even plaintiff's proposed interpretation of the statute might be a permissible one. But just as the FEC was not required to adopt a regulation consistent with plaintiff's policy preferences, the agency was not required to adopt one reflecting the intervenors' preferences.

### III. NEITHER A STAY OF PROCEEDINGS NOR VACATUR WOULD BE AN APPROPRIATE REMEDY IN THIS CASE

CFIF suggests both that this Court might "stay … this proceeding for a time to allow [a] petition [for rulemaking]" and that, if the Court concludes the regulation is unlawful, "vacatur of the regulation — with the right of an immediate appeal — would be the appropriate remedy." (*See* CFIF Br. at 6, 20.) However, these would not be appropriate steps for the Court to take in this case. The FEC has explained why a remand, rather than vacatur or retained jurisdiction, would be the appropriate remedy if the Court were to find the regulation unlawful. (*See* FEC Br. at 43-45; FEC Reply at 19-23.)

CFIF's suggestion that the Court might stay this litigation while Van Hollen files a petition for a new rulemaking is also flawed. The Court cannot order plaintiff to file a rulemaking petition, and plaintiff has not indicated any plans to do so. Van Hollen has instead chosen to litigate. In any case, it would be inappropriate for the Court to retain jurisdiction during the pendency of a new rulemaking. (*See* FEC Br. at 44-45.) If the Commission were to adopt a new regulation in response to a petition for rulemaking, a party with standing that believes the new regulation is unlawful could bring a new lawsuit at that time. Thus, there is no basis for a stay of this matter.

### CONCLUSION

Because 11 C.F.R. § 104.20(c)(9) is not contrary to law, the Court should grant summary judgment to the Commission and deny plaintiff's motion for relief.

                    Respectfully submitted,

                    Anthony Herman (D.C. Bar No. 424643)
                    General Counsel

                    David Kolker (D.C. Bar No. 394558)
                    Associate General Counsel

                    Harry J. Summers
                    Assistant General Counsel

                    Holly J. Baker
                    Attorney

                    /s/ Seth Nesin
                    Seth Nesin
                    Attorney

                    COUNSEL FOR DEFENDANT
                    FEDERAL ELECTION COMMISSION
                    999 E Street, NW
                    Washington, DC  20463
                    Telephone:  (202) 694-1650
September 30, 2011        Fax:  (202) 219-0260