**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| CHRIS VAN HOLLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civ. A. No. 1:11-cv-00766 (ABJ) |
| | ) | |
| FEDERAL ELECTION COMMISSION, | ) | |
| | ) | |
| Defendant, | ) | |
| and | ) | |
| | ) | |
| CENTER FOR INDIVIDUAL | ) | |
| FREEDOM, | ) | |
| | ) | |
| Defendant, | ) | |
| and | ) | |
| | ) | |
| HISPANIC LEADERSHIP FUND, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT CFIF'S REPLY TO PLAINTIFF'S**
**OPPOSITION TO MOTION FOR STAY PENDING APPEAL**

Defendant Center for Individual Freedom ("CFIF") relies on its Motion for Stay Pending

Appeal in response to Plaintiff Van Hollen's Opposition, but separately replies to further address

one point.  Seeking to negate irreparable injury, Plaintiff asserts (at 6) that disclosure statutes

impair First Amendment rights only where the disclosures are likely to lead to "threats,

harassment, or reprisals," citing *Citizens United v. FEC*, 130 S. Ct. 876, 916 (2010).  Plaintiff

misreads that case.

The Supreme Court has been clear that the reason disclosure statutes facially trigger

exacting judicial scrutiny is that compelled disclosure, <u>in itself</u>, substantially burdens speech as a

matter of law.  *Buckley v. Valeo*, 424 U.S. 1, 60, 64 (1976) (collecting authority); *Doe v. Reed*,

130 S. Ct. 2811, 2818 (2010). *Buckley* ruled that the "significant encroachments on First Amendment rights of the sort that compelled disclosure imposes" required the government to show more than a "legitimate governmental interest" to sustain such a requirement. 424 U.S. at 64. That is why *McConnell v. FEC*, 540 U.S. 93, 196-97 (2003), subjected the disclosure provisions of BCRA to detailed scrutiny before concluding that they were facially justified and valid.

*Citizens United* did not question those holdings, nor did it have occasion to do so. It faced an as-applied challenge to a disclosure statute that, in *McConnell*, already had been subjected to exhaustive and exacting review and held to be facially justified and valid. *Citizens United* merely observed that a likelihood of special injury is necessary to render unconstitutional the application of a facially valid statute. 130 S. Ct. at 916. That point was nothing new: *Buckley* said the same thing. 424 U.S. at 64-74. But *Buckley* and *Citizens United* both recognized that disclosure requirements, in themselves, impose serious First Amendment burden. *Buckley*, 424 U.S. at 64; *Citizens United*, 130 S. Ct. at 914.

The effect of the Court's ruling here is to implement a sweeping disclosure obligations on ordinary corporations and labor unions that neither Congress nor the courts have evaluated and sustained. Indeed, the only element of government to examine the burden is the FEC, and it concluded the burdens would be substantial and should be limited.

Whether the FEC had the legal authority to limit disclosure in these circumstances is, of course, part of the novel question identified by the Court that will be addressed on appeal. What is clear, however, is that setting aside the FEC's regulation now has the effect of imposing substantial burdens on the free speech of CFIF and other ordinary corporations and labor unions.

*See* Def. CFIF Mot. for Stay Pending Appeal at 9-10.[1]  That First Amendment burden is

irreparable injury as a matter of law, and doubly so since the primary season already is under

way.  Both the Plaintiff in his official capacity and the public share a strong interest in

maximizing free speech and protecting the First Amendment.

It may be, of course, that the speech injury ultimately may turn out to be lawful and

justified by countervailing government interests.  But that is true in every case in which a stay is

sought because a district court judgment will injure speech.  After all, if the district court did not

believe its judgment to be correct, it would have ruled otherwise.  Nevertheless, First

Amendment rights have such priority and importance that, if there are fair and substantial

grounds for appeal, the speech injury should not be imposed until appellate review is complete.

This is such a case.  A stay should be granted.

---

[1]      The district court in West Virginia similarly recognized that broad disclosures like those
Plaintiff seeks here "will surely discourage organizations from speaking, or else face diminished
business or organizational success."  *CFIF v. Tennant*, Civ. A. No. 1:08-cv-00190, 2011 WL
2912735, at *49 (S.D.W.Va. July 18, 2011).  *Compare Nat'l Ass'n of Manufacturers v. NLRB*,
No. 12-5068 (D.C. Cir. Apr. 17, 2012) (citing contrary position reached by another district court
in granting motion for stay pending appeal).  Furthermore, the FEC has been unable to advise
CFIF as to its position on this motion, whether the agency plans to appeal, or what its
enforcement plans might be with respect to the new legal landscape.  As the D.C. Circuit also
recognized in *NAM*, "uncertainty about enforcement" supports "temporarily preserving the status
quo while [the appellate process] resolves all of the issues on the merits."  In this case, a stay
also would allow for an interim period for the FEC to formulate an enforcement position,
develop reporting and disclosure forms and instructions, and otherwise prepare for possible
abolition of its regulation.

April 17, 2012                          Respectfully submitted,

                                                 /s/ Thomas W. Kirby
                                            Jan Witold Baran (D.C. Bar No. 233486)
                                              E-mail: jbaran@wileyrein.com
                                            Thomas W. Kirby (D.C. Bar No. 915231)
                                              E-mail: tkirby@wileyrein.com
                                            Caleb P. Burns (D.C. Bar No. 474923)
                                              E-mail: cburns@wileyrein.com
                                            Andrew G. Woodson (D.C. Bar No. 494062)
                                              E-mail: awoodson@wileyrein.com
                                            WILEY REIN LLP
                                            1776 K St., NW
                                            Washington, D.C. 20006
                                            202.719.7000

                                            *Counsel for Center for Individual Freedom*