## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| CHRIS VAN HOLLEN, Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 11-0766 (ABJ) |
| ) | |
| FEDERAL ELECTION COMMISSION, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Chris Van Hollen, Jr., brought this lawsuit against defendant Federal Election Commission ("FEC"), alleging that defendant violated the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, by promulgating 11 C.F.R. § 104.20(c)(9). The lawsuit claimed that defendant exceeded its statutory authority by promulgating a regulation that was contrary to the disclosure regime set forth in the Bipartisan Campaign Reform Act ("BCRA"), 2 U.S.C. § 434(f)(2)(E) and (F). Plaintiff also contended that the regulation violated the APA because it was arbitrary, capricious, and contrary to law. The parties cross-moved for summary judgment. On March 30, 2012, this Court issued its Memorandum Opinion ("Mem. Op.") and Order [Dkt. # 47 and # 48], which granted plaintiff's motion for summary judgment and denied defendant's cross motion for summary judgment. The Order also denied defendant-intervenor Hispanic Leadership Fund's ("HLF") motion to dismiss and denied defendant-intervenor Center for Individual Freedom's ("CFIF") cross motion for summary judgment. CFIF and HLF appealed the Order and now move this Court for a stay pending appeal. [Dkt. # 51 and # 52].

A stay pending appeal is an extraordinary remedy. *Cuomo v. U.S. Nuclear Regulatory Comm'n,* 772 F.2d 972, 978 (D.C. Cir. 1985). It is "an intrusion into the ordinary process of administration and judicial review . . . and accordingly is not a matter of right, even if irreparable injury might otherwise result to the appellant." *Nken v. Holder,* 556 U.S. 418, 427 (2009) (internal quotation marks and citation omitted). Instead, a stay is an exercise of judicial discretion, and whether to grant it depends upon the specific circumstances of the case. *Id.* at 433. The moving party bears the burden of justifying why the Court should grant this extraordinary remedy. *Id.* at 433–34.

The Court considers four factors in reviewing the motion:

> (1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.* at 434. The first two factors are the most critical. *Id.* The moving party must make a strong showing on at least one of them and some showing on the other. *Baker v. Socialist People's Libyan Arab Jamahirya*, 810 F. Supp. 2d 90, 97 (D.D.C. 2011), citing *Cuomo*, 772 F.2d at 974.

Here, defendant-intervenors have not demonstrated a substantial likelihood of success on the merits. In its ruling, the Court struck down a regulation that was expressly designed to "narrow" the disclosure regime established by the BCRA. [1] Defendant had no explicit or

---

[1]     HLF takes issue with the Court's application of the two-step analysis set forth in *Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984). HLF's Mem. in Supp. of Mot. for Stay ("HLF's Mem.") at 6, citing Mem. Op. at 6. HLF submits that "the question of whether 'Congress has explicitly left a gap for the agency to fill' is a separate and distinct question from 'whether Congress has directly spoken to the question at issue.'" *Id*. at 7. The Court notes that it quoted and applied the correct *Chevron* test, *see* Mem. Op. at 2, 12–13, but this was not an obvious *Chevron* situation. The question presented by the case was that the FEC's stated reason for its promulgation of the rule was that the Supreme Court had altered the landscape – not that Congress had left a gap for the agency to fill – so it was incumbent upon the Court to determine what that meant under the *Chevron* test.

implicit statutory authority to limit the disclosure obligations enacted by Congress, which require

that every "person" who funds "electioneering communications" to disclose "all contributors."

*See* 2 U.S.C. § 434(f)(1).  Prior to the promulgation of the regulation that was struck down, there

was a valid regulation in effect implementing the BCRA's disclosure requirement.  11 C.F.R.

§ 104.20(c) (effective Feb. 3, 2003 to Dec. 25, 2007); 68 Fed. Reg. 404, 419 (Jan. 3, 2003); *see

also* Mem. Op. at 4–5.  In light of the Court's ruling, that regulation now governs the disclosures

required under the BCRA.

Defendant-Intervenors also contend that they are likely to succeed on the merits because

plaintiff lacks standing to challenge the regulation.  HLF's Mem. at 2–6.  In light of *FEC v.

Akins*, 524 U.S. 11 (1998) and *Shays v. FEC*, 528 F.3d 914 (D.C. Cir. 2008), and as defendant

FEC's acknowledgement that plaintiff has standing suggests,[2] defendant-intervenors are not

likely to succeed on this issue either.

Defendant-Intervenors have also failed to show that they will be irreparably harmed

absent a stay.  CFIF contends that "[b]ecause the primary election season already is underway,

injury to speech and associational rights already is occurring."  CFIF's Mem. in Supp. of Mot.

for Stay ("CFIF's Mem.") at 9; Mazzella Decl. ¶ 3 [Dkt. # 15-2] (stating that the Court's ruling

"will force CFIF to abandon some of its desired speech and alter other speech" and that "[t]his is

a substantial impairment of our rights of free speech and association").[3]  But, as the Court noted

---

2      Defendant FEC agreed at oral argument that plaintiff had standing.  Motions Hearing
Transcript ("Tr.") at 57 (Jan. 11, 2012).

3      CFIF also contends that it will be irreparably harmed absent a stay because Congress did
not evaluate and approve of the "first amendment burdens" that compliance with the Court's
ruling would require.  CFIF's Mem. at 10.  According to CFIF, the FEC *did* contemplate those
burdens when it promulgated the rule at issue in this case.  The Court notes that the stated
justification for the rulemaking was not Constitutional compliance.  Electioneering
Communications, 72 Fed. Reg. 50,261, 50271 (proposed August 31, 2007) (asking in the Notice

in its memorandum opinion, the Supreme Court expressly upheld the disclosure requirements set forth in the BCRA in *Citizens United v. FEC*, 588 U.S. ---, 130 S. Ct. 876 (2010).   In its decision, the Supreme Court observed that the disclosure requirements serve an important public function because they "'provid[e] the electorate with information about the sources of election-related spending,'" 130 S. Ct. at 914, quoting *Buckley v. Valeo*, 424 U.S. 1, 66 (1976), and "help citizens 'make informed choices in the political marketplace,'" *id.*, quoting *McConnell v. FEC*, 540 U.S. 93, 197 (2003).   It is therefore difficult to see how defendant-intervenors would be harmed by complying with the disclosure provisions that the Supreme Court specifically upheld in *Citizens United*.

Because defendant-intervenors have failed to demonstrate two of the four factors necessary for the stay – the likelihood of success on the merits and irreparable harm – the motion will be denied.   But the Court notes that the public interest also favors a denial of the requested stay.   The public has a strong interest in the full disclosure mandated by the BCRA.   *See Citizens United*, 130 S. Ct. at 914–16.   The Court is not persuaded by defendant-intervenors' argument that a public interest exists in ensuring that "fundamental constitutional issues are fully aired and carefully considered by the courts."   CFIF's Mem. at 12 (internal quotation marks and citation omitted).   The Court previously rejected these claims in its opinion, finding that they were not properly before the Court, and in any event, the First Amendment concerns had been addressed by the Supreme Court in *Citizens United*.

---

of Proposed Rulemaking, whether, in light of the recent Supreme Court decisions, "the Commission [should] limit the 'donation' reporting requirement to funds that are donated for the express purpose of making electioneering communications?")   And, even if the Constitution were the driving force behind the rulemaking, Congress did not delegate authority to the FEC to engage in rulemaking for that purpose, particularly when the statutory language of the BCRA is clear and unambiguous.   *See* Mem. Op. at 29.

Accordingly, it is ORDERED that defendant-intervenors' motions for stay pending appeal [Dkt. # 51 and # 52] are DENIED.  The Clerk is directed to transmit a copy of this Order to the Court of Appeals for the District of Columbia Circuit.


AMY BERMAN JACKSON
United States District Judge

DATE:  April 27, 2012