UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CHRISTOPHER VAN HOLLEN, Jr., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 11-0766 (ABJ) |
| FEDERAL ELECTION COMMISSION, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

Intervenor-defendant Center for Individual Freedom ("CFIF") has moved for leave to amend and supplement its answer so that it can bring three cross-claims against defendant Federal Election Commission ("FEC") to be heard if the regulation challenged in this action is invalidated. CFIF Mot. and Mem. for Leave to File Am. and Supp. Ans. and Cross-Claims [Dkt. # 81]. Both plaintiff Van Hollen and defendant FEC have opposed the motion. Pl.'s Mem. in Opp. to CFIF Mot. [Dkt. # 86]; Def. FEC Opp. to CFIF Mot. [Dkt. # 88].

The Court granted CFIF's motion to intervene as a defendant in this action challenging FEC regulations on August 1, 2011. Minute Order (Aug. 1, 2011). And it is true that Rule 13(g) does not distinguish between intervenors and other parties with respect to their ability to assert cross-claims. Fed. R. Civ. P. 13(g) ("A pleading may state as a crossclaim any claim by one party against a coparty . . . ."); *see also Consolo v. Fed. Maritime Comm'n*, 383 U.S. 607, 617 n.14 (1966) ("[A]n intervenor of right may assert a crossclaim without independent jurisdictional grounds."). But it is also well-established that "one of the most usual procedural rules is that an intervenor is admitted to the proceeding as it stands, and in respect of the pending issues, but is

not permitted to enlarge those issues or compel an alteration of the nature of the proceeding." *Vinson v. Wash. Gas Light Co.*, 321 U.S. 489, 498 (1944); *see also Equal Emp't Opportunity Comm'n v. Woodmen of the World Life Ins. Soc.*, 330 F. Supp. 2d 1049, 1055 (D. Neb. 2004) (holding that an intervenor could not assert a cross-claim that would "improperly expand the scope of the proceedings before this court"); *Seminole Nation of Okla. v. Norton*, 206 F.R.D. 1, 7 (D.D.C. 2001) (denying a potential intervenor's request to intervene and present claims that fell outside of the scope of the litigation); *Marvel Entm't Grp., Inc. v. Hawaiian Triathlon Corp.*, 132 F.R.D. 143, 146 (S.D.N.Y. 1990) (stating that an intervenor may not assert additional claims that "needlessly expand the scope and costs of th[e] litigation and [] thus prejudice the rights of" the other parties to expeditiously resolve the action).[1]

While it is clear that an intervenor can file or join a dispositive motion, as the intervening defendants did in this case, the cases cited by CFIF do not definitively establish that an intervenor has an unfettered right to expand the scope of the litigation by filing new cross-claims against the defendant after it intervened as a defendant. *See, e.g., Roeder v. Islamic Republic of Iran*, 333 F.3d 228, 234 (D.C. Cir. 2003) (stating that since an intervenor "participates on an equal footing with the original parties to a suit," it can move to vacate a default judgment under Fed. R. Civ. P. 60(b)) (citation omitted); *District of Columbia v. Merit Sys. Prot. Bd.*, 762 F.2d 129, 132 (D.C. Cir. 1985) (stating that "[i]ntervenors under Rule 24(a)(2) assume the status of full participants in a lawsuit" and therefore, a plaintiff may recover from an intervenor-defendant

---

1   In a case involving a direct petition from agency action under 28 U.S.C. § 2344, the D.C. Circuit stated: "Intervenors may only argue issues that have been raised by the principal parties; they simply lack standing to expand the scope of the case to matters not addressed by the petitioners in their request for review." *Nat'l Ass'n of Regulatory Utility Comm'rs v. Interstate Commerce Comm'n*, 41 F.3d 721, 729 (D.C. Cir. 1994). Although not directly applicable to this situation, that statement tends to support the proposition that an intervenor cannot expand the scope of the action.

even if the original defendant is dismissed from the suit); *Schneider v. Dumbarton Developers, Inc.*, 767 F.2d 1007, 1017 (D.C. Cir. 1985) ("When a party intervenes, it becomes a full participant in the lawsuit and is treated just as if it were an original party" and therefore assumes the risk that "an order adverse to its interests will be entered"); *Hallmark Cards, Inc. v. Lehman*, 959 F. Supp. 539, 541 n.1 (D.D.C. 1997) ("an intervenor may move to dismiss a proceeding").

But even if one reads Fed. R. Civ. P. 24(a)(2) broadly to accord an intervenor the full rights of any participant in a lawsuit, a motion to amend any party's pleading to add new claims is committed to the Court's discretion and governed by the factors that would ordinarily pertain under Fed. R. Civ. P. 15. Here the intervenor-defendant is moving, after the entry of summary judgment in this case and after the appeal, to supplement its pleading to make reference to events that transpired not only after the entry of judgment but after the appeal, and to raise claims whose adjudication depends upon an entirely different administrative record than the one already before the Court. Granting the motion would alter and expand the nature and scope of the litigation and would prejudice the other parties by unnecessarily delaying resolution of the action and increasing the cost of the litigation.

Therefore, the Court will deny CFIF's motion for leave to file an amended and supplemental answer and cross-claims [Dkt. # 81]. A separate order will issue.

/s/ Amy B. Jackson

AMY BERMAN JACKSON
United States District Judge

DATE: May 1, 2013